# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| COLONY INSURANCE COMPANY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-1137 |
| | § | |
| ACREM, INC. d/b/a Stetsons Nightclub, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This insurance coverage dispute is before the Court on motions for summary judgment regarding whether Plaintiff Colony Insurance Company ("Colony") owes ACREM, Inc. ("ACREM") a duty to defend and indemnity in an underlying state court lawsuit filed by Allen Wayne and Eunice Waddell.[1]  Colony filed a Motion for Summary Judgment ("Colony's Motion") [Doc. # 15], to which ACREM filed a combined Response and Motion for Summary Judgment ("ACREM's Motion") [Doc. # 18].  Colony filed a combined Reply and Response [Doc. # 19], ACREM filed a Sur-Reply [Doc. # 20], and Colony filed a Response to ACREM's Sur-Reply [Doc. # 22].  Having reviewed the full record and applied governing and persuasive legal

---

[1] *Allen Wayne Waddell and Eunice Waddell v. Jason Pryor, et al.*, Cause No. 1009-55776, in the 215th Judicial Court of Harris County, Texas (the "Underlying Lawsuit").

authorities, the Court concludes that Colony owes ACREM neither a duty to defend nor indemnity in the Underlying Lawsuit. Therefore, the Court **grants** Colony's Motion and **denies** ACREM's Motion.

## I.     BACKGROUND

ACREM does business as Stetson's Night Life ("Stetson's"), a nightclub in Houston, Texas. Colony issued to ACREM a general liability insurance policy, number MP3462421 (the "Policy").

The Waddells filed a lawsuit against ACREM and others. The Waddells allege that Mr. Waddell was a patron at Stetson's on the evening of September 1, 2007. The Waddells allege that, when leaving the nightclub and while walking through the Stetson's parking lot, Mr. Waddell was struck from behind by a vehicle driven by either Jason Pryor or Russell Stewart, Jr., both patrons of Stetson's that night. The Waddells allege that ACREM improperly provided alcohol to Pryor and Stewart when they were obviously intoxicated. ACREM filed a claim under the Policy, asking Colony to defend ACREM in the Underlying Lawsuit and to provide indemnity for any resulting judgment against it. Colony denied that it owed ACREM a duty to defend or a duty to indemnify.

Colony relies on the "Absolute Auto, Aircraft and Watercraft Exclusion" ("Auto Exclusion"), that excludes coverage for any bodily injury arising out of or

resulting from the use of an automobile. ACREM relies on the "Limitation to Coverage to Business Description" ("Business Description Limitation"), that limits coverage to bodily injury that is caused by or results from the business described in the Policy, specifically as "Bar with Dance Floor."

The parties filed cross-motions for summary judgment. The motions have been fully briefed and are ripe for decision.

## II. APPLICABLE LEGAL STANDARDS

### A. Standard for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex*

*Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

### B.   Duty to Defend and Duty to Indemnify

An insurer owes its insured a duty to defend "if a plaintiff's factual allegations potentially support a covered claim." *Zurich Amer. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 490 (Tex. 2008) (citing *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church,* 197 S.W.3d 305, 310 (Tex. 2006)). Whether the insurer owes a duty to defend is a question of law for the Court to decide. *Ooida Risk Retention Group, Inc. v. Williams*, 579 F.3d 469, 471-72 (5th Cir. 2009). When faced with a coverage dispute, the Court must give effect to the intention of the parties as that intention is expressed in the insurance policy itself. *See Ideal Lease Serv., Inc. v. Amoco Prod. Co.*, 662 S.W.2d 951, 953 (Tex. 1983).

In deciding whether an insurer has a duty to defend, the Court must follow the "eight-corners rule" that provides that the duty to defend is determined by considering only the plaintiff's pleadings in the underlying lawsuit and the policy language. *Zurich*, 268 S.W.3d at 491. The focus is on the factual allegations in the underlying complaint, not on the legal theories. *See id.* at 495 (citing *Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 82 (Tex. 1997)). The Court is required to "resolve all doubts regarding the duty to defend in favor of the duty" and to "construe the

pleadings liberally." *Id.* at 491. "If a complaint potentially includes a covered claim, the insurer must defend the entire suit." *Id.*

Where there is no duty to defend, and there are no facts alleged in the underlying lawsuit that could create coverage if proven at trial, the Court may conclude that the insurer has no duty to indemnify for the claims in the underlying lawsuit. *See D.R. Horton-Texas Ltd. v. Markel Int'l Ins. Co., Ltd.*, 300 S.W.3d 740, 745 (Tex. 2009) (citing *Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997)). This is true where "the same reasons that negate the duty to defend will likewise negate any possibility the insurer will ever have a duty to indemnify." *Id.*

## III.  ANALYSIS

### A.  Auto Exclusion

The Policy includes an Auto Exclusion that excludes coverage for bodily injury arising out of or resulting from the use of any automobile. *See* Policy, Exh. 1 to Colony's Motion, Bates Number CIC024. The plain meaning of the Auto Exclusion is that it excludes coverage for claims that arise out of incidents involving automobiles. *See Colony Ins. Co. v. Robinson*, 2010 WL 3522983, *2 (S.D. Tex. Sept. 8, 2010) (Rosenthal, J.) (citing *Market Int'l Ins. Co. v. Urban, LLC*, Cause No.

5:08-cv-00160 (W.D. Tex. Nov. 20, 2008); *Colony Ins. Co. v. Rudy's Bar & Grill, Inc.*, 2007 WL 3380464 (Conn. Super. 2007)).

ACREM argues that the Auto Exclusion does not apply because the driver of the automobile that struck Mr. Waddell was not an employee or other agent of ACREM or, alternatively, that the Auto Exclusion is ambiguous because it does not clarify whether it applies to vehicles used by third parties. The clear and unambiguous Policy language does not limit the Auto Exclusion to vehicles driven by ACREM or its agents. Indeed, the same Auto Exclusion was applied in *Robinson*, which involved a lawsuit against the insured private school when a child was hit crossing the street by a vehicle driven by a party unrelated to the insured. *See Robinson*, 2010 WL 3522983 at *1. Similarly, in *Market*, the auto exclusion was held to exclude coverage for the death of a patron struck by a vehicle while crossing the street between two bars. In that case, also, the vehicle was driven by an independent third party.

In *Rudy's*, the insured argued that the Auto Exclusion in the Colony general liability insurance policy did not apply because there was no connection between the driver of the vehicle and the insured. *Rudy's*, 2007 WL 3380464 at *6. The Connecticut court rejected the argument, holding specifically that the Auto Exclusion precluded coverage whether the automobile was owned and/or operated by the insured or by a third party because the exclusion applied to bodily injury arising out of or

resulting from the use of "any" automobile and did not distinguish between "cars owned and operated by [the insured] and cars owned and operated by patrons." *See id.*

ACREM argues also that it ***intended*** for the Auto Exclusion to exclude coverage only if the automobile involved in the incident was owned or operated by an employee or other agent of ACREM. This argument fails because it is unsupported by clearly-established Texas law. Under Texas law, the intent of the parties is determined by the unambiguous terms of the contract itself. *See Fiess v. State Farm Lloyds*, 202 S.W.3d 744, 746 (Tex. 2006) (noting that the "parties' intent is governed by what they said, not by what they intended to say but did not").

The Court concludes that the plain, unambiguous language of the Auto Exclusion applies to bodily injury caused by the use of "any" automobile, whether owned and/or operated by the insured or by an independent third party. As a result, the Auto Exclusion excludes coverage for the Underlying Lawsuit.

### B. Business Description Limitation

ACREM argues that the Auto Exclusion is inconsistent with the Business Description Limitation and, therefore, the Auto Exclusion does not exclude coverage. The Court finds this argument unpersuasive because the Business Description Limitation is a limitation on coverage, not an extension of coverage. It provides an

additional requirement for coverage by modifying the "Coverages, Coverage A Bodily Injury and Property Damage Liability" section to add the limitation that the bodily injury or property damage "is caused by or results from the business described in the Schedule," which in this case is "Bar With Dance Floor." The Business Description Limitation provides specifically that "all other terms and conditions of the policy remain unchanged."

The Court finds the case *Maradiago v. Castle* from the Eastern District of Louisiana persuasive regarding whether the Business Description Limitation affects the Auto Exclusion. In *Maradiago*, the Colony policy included the Auto Exclusion and the Business Description Limitation, which in that case described the business as "collection and transport of trash to landfill." *See Maradiago*, 2009 WL 3150160, *2 (E.D. La. Sept. 28, 2009) (Engelhardt, J). The Court in that case noted that the Business Description Limitation imposed additional prerequisites to coverage and did not extinguish an applicable exclusion. *See id.*

The Court concludes that the Business Description Limitation and the Auto Exclusion in this case are not in conflict. The Business Description Limitation adds a prerequisite to coverage. If that prerequisite is satisfied and there is coverage, then it must be determined whether the Auto Exclusion applies to exclude that coverage.

As is discussed above, the Auto Exclusion, a provision which "remain[s] unchanged" by the Business Description Limitation, applies in this case.

## IV. CONCLUSION AND ORDER

The Auto Exclusion applies to exclude coverage for the Underlying Lawsuit. Because there are no facts that could be proven in the Underlying Lawsuit that would be covered by the Policy, the Court can conclude from this record that Colony does not owe ACREM either a duty to defend or a duty to indemnity in the Underlying Lawsuit. As a result, it is hereby

**ORDERED** that Colony's Motion for Summary Judgment [Doc. # 15] is **GRANTED**, and ACREM's Motion for Summary Judgment [Doc. # 18] is **DENIED**. The Court will enter final judgment by separate order.

SIGNED at Houston, Texas, this **23rd** day of **February, 2011**.

_____
Nancy F. Atlas
United States District Judge